IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS A. DODENHOFF,

    Plaintiff,

v.

HILDA L. SOLIS, Secretary of Labor,

    Defendant.

                                /

No. CIV S-11-0964 LKK DAD PS

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff, proceeding pro se, commenced this civil action by filing an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a document titled "Motion to effect collection of claim for personal injury filed January 19, 2010 and injunction to restrain agency action to applicable statue law and regulations." (Compl. (Doc. No. 1) at 1.) In accordance with Federal Rule of Civil Procedure 3, which provides that "[a] civil action is commenced by filing a complaint with the court," plaintiff's motion has been deemed to be a complaint.

        This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

Here, plaintiff alleges in his complaint that he suffered loss of employment, damage to his reputation and the deprivation of property as the result of decisions made by the Department of Labor. (Compl. (Doc. No. 1) at 2.) In this regard, plaintiff claims that:

> Decisions made by officers representing the Department of Labor (DOL) in error, ignorance or neglect resulted in the loss of Plaintiff's employment and condemned the Plaintiff, Dennis Dodenhoff, branding the plaintiff as a "whistle blower" and has render (sic) the Plaintiff unable to pursue employment. The decision of the Department of Labor (DOL) in violation of California State and Federal law have resulted in 4-5 years of employment that cannot be included on any resume in looking for work. The secondary result of the DOL rulings is defamation of character, and loss of reputation in the public arena. Restitution, because of the effect of the DOL action, cannot be accomplished nor can the Plaintiff be restore (sic) to his original position; the result of defendant's action is 50 years of Plaintiff's reputation, dedication; and livelihood has been destroyed.

(Id. at 2-3.) Plaintiff seeks $500,000 in damages as well as an "injunction preventing agency action not in compliance with the Davis-Bacon and Related Acts." (Id. at 3.)

Plaintiff's complaint is deficient in several respects. First, the United States cannot be sued without the consent of Congress. Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983); Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009). Similarly, no federal agency can be sued unless Congress has explicitly revoked that agency's immunity. Loeffler v. Frank, 486 U.S. 549, 554 (1988); Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993); City of Whittier v. U.S. Dep't of Justice,

598 F.2d 561, 562 (9th Cir. 1979).  Put another way, no court can award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute.  United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S. 584, 586-87 (1941)); Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995).

"The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  See also Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007).  Absent a waiver of sovereign immunity, a claim against the United States must be dismissed for lack of subject matter jurisdiction.  Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  If conditions are attached to legislation that waives the sovereign immunity of the United States, the conditions must be strictly observed by the courts, and exceptions are not to be readily implied.  Block, 461 U.S. at 287; see also Consejo de Desarrollo Economico de Mexicali, A.C., 482 F.3d at 1173 ("When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction."); Cato, 70 F.3d at 1107 (same).

The fact that plaintiff has named Hilda Solis, the United States Secretary of the Department of Labor, as the defendant does not keep this action from being a suit against the United States.  "It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants." Gilbert, 756 F.2d at 1458 (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688 (1949)).  Thus, this suit against Hilda Solis in her official capacity as the United States Secretary of the Department of Labor is a suit against the United States.  Plaintiff does not claim that the United States has waived its immunity.  Therefore, his complaint is barred by the doctrine of sovereign immunity.

Second, the court finds plaintiff's complaint vague and conclusory.  The allegations of plaintiff's complaint provide no dates and few facts.  Plaintiff's complaint does not

even describe the nature of his employment or any information relating to the alleged decisions by the Department of Labor that he wishes to place at issue. Moreover, in his complaint plaintiff merely alludes to a finding by the Department of Labor that he was a "whistle blower." (Compl. (Doc. No. 1) at 2.) There are more than a dozen Federal laws protecting whistleblowers, Williams v. United Airlines, Inc., 500 F.3d 1019, 1024 (9th Cir. 2007), as well as a California statute. See Cal. Lab. Code § 1102.5. However, plaintiff's complaint merely makes reference to whistleblowing without providing any relevant factual allegations or identifying the federal law that was allegedly violated by defendant.

Finally, plaintiff seeks an injunction from this court preventing the Department of Labor from undertaking "any action not in compliance with the Davis-Bacon and Related Acts." (Compl. (Doc. No. 1) at 3.) However, there is no private right of action for employees under the Davis-Bacon Act. See Operating Engineers Health and Welfare Trust Fund v. JWJ Contracting, 135 F.3d 671, 676 (9th Cir. 1998).

For all the reasons set forth above, plaintiff's complaint fails to state a cognizable claim on which relief may be granted. Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.

The undersigned has carefully considered whether plaintiff may amend his complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the many obvious deficiencies of plaintiff's complaint noted above as well as the nature of his sparse allegations, the court finds that it would be futile to grant plaintiff leave to amend.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 11, 2011 application to proceed in forma pauperis (Doc. No. 2) is granted; and

2. Plaintiff's April 11, 2011 "Motion to effect collection" (Doc. No. 1) is deemed a complaint.  The Clerks Office is directed to amend the court's docket to reflect that plaintiff has filed a compliant.

IT IS RECOMMENDED that:

1. Plaintiff's April 11, 2011 complaint (Doc. No. 1) be dismissed without leave to amend; and

2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 27, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\dodenhoff0964.ifp.f&rs

6